### Remedios MIRANDA–DE PEREZ, Petitioner,

v.

### Michael B. MUKASEY, Attorney General, Respondent.

### No. 07–74807.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed May 15, 2008.

Remedios Miranda–De Perez, pro se.

Nicole N. Murley, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

R.App. P. 34(a)(2).

Before: KOZINSKI, Chief Judge, THOMAS and CALLAHAN, Circuit Judges.

### MEMORANDUM **

This is a petition for review from the denial by the Board of Immigration Appeals ("BIA") of petitioner's motion to reopen removal proceedings. We review this determination by the BIA for abuse of discretion. *See Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002).

The regulations provide, with certain exceptions that do not apply to this case, that "a party may file only one motion to reopen ... and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered...." *See* 8 C.F.R. § 1003.2(c)(2). Here, the BIA issued its final administrative decision on March 29, 2006. Petitioner filed the motion to reopen on June 26, 2007. The BIA correctly determined that the motion to reopen was untimely filed. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2. While ineffective assistance of counsel may justify tolling the time period for filing a motion to reopen, a motion to reopen based on ineffective assistance of counsel must generally meet the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). The BIA correctly found that petitioner failed to establish that she complied with these requirements. *See Reyes v. Ashcroft*, 358 F.3d 592, 596–99 (9th Cir.2004). The BIA therefore did not abuse its discretion in denying petitioner's untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2; *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Accordingly, respondent's motion for summary disposition is granted in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

We lack jurisdiction to review the BIA's refusal to sua sponte reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1160 (9th Cir.2002). We therefore dismiss in part this petition for review.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**